Filed 5/21/24  P. v. Moralez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FIDEL MORALEZ,<br><br>Defendant and Appellant. | C099390<br><br>(Super. Ct. No. 13F06775) |

In 2014, a jury found defendant Fidel Moralez guilty of second degree robbery and assault with a deadly weapon. The trial court found true allegations of prior strike convictions, prior prison terms, and other enhancements, and sentenced defendant to 27 years in state prison. This court affirmed the judgment. (*People v. Moralez* (Mar. 16, 2015, C076091) [nonpub. opn.] (*Moralez*).)

Based on retroactive changes in the law, in 2023 the trial court recalled defendant's sentence, struck the no longer valid prior prison term enhancements, and reduced the upper term sentence to a middle term, imposing an aggregate 20 years in prison. Defendant appeals from that postconviction order.

Appointed counsel for defendant asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); see also *People v. Delgadillo* (2022) 14 Cal.5th 216, 226.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant. Although this is not defendant's first appeal as of right, we nevertheless exercise our discretion to review the record because defendant was not notified that his failure to file a supplemental brief may result in dismissal of the appeal. (*Delgadillo,* at p. 233.) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In 2013, defendant took bananas, a sandwich, and water from a grocery store without paying. As he left the store, defendant stabbed the victim in the arm, leaving him with a permanent injury. The jury found defendant guilty of second degree robbery (Pen. Code, § 211)[1] and assault with a deadly weapon (§ 245, subd. (a)(1)). The trial court found true allegations that defendant used a dangerous and deadly weapon (§ 12022, subd. (b)(1)), caused great bodily injury (§ 12022.7, subd. (a)), had three prior strike convictions (§§ 667, 1170.12), and served four prior prison terms (§ 667.5, subd. (b)). The trial court dismissed one prior strike conviction allegation but denied defendant's request to dismiss the other two. The trial court sentenced defendant to an aggregate 27 years in state prison. In an unpublished opinion, this court affirmed the judgment. (*Moralez, supra*, C076091.)

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) amended section 667.5 "by limiting the prior prison term

---

[1] Undesignated statutory references are to the Penal Code.

enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) made the change fully retroactive (Stats. 2021, ch. 728, § 1) and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) The provision states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) "The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements . . . [,] direct[ing] the Secretary of the California Department of Corrections and Rehabilitation . . . to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' (§ 1172.75, subd. (b).)" (*Burgess, supra*, 86 Cal.App.5th at p. 380.) The statute then directs the trial court to review the judgment, verify that it includes such an enhancement, "and if so, 'recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*Burgess*, at p. 380.)

In June 2023, the trial court determined defendant's judgment included one-year prior prison term enhancements, appointed counsel for defendant, and placed the matter on calendar for resentencing. Defendant's counsel asked the trial court to remove not only the one-year prior prison term enhancements, but also the prior strike convictions under *Romero* and the five-year serious felony conviction enhancements (§ 667, subd. (a)). The People argued that reducing defendant's sentence beyond dismissing the one-year prior prison term enhancements would endanger public safety.

At resentencing, the trial court recalled defendant's sentence, struck the prior prison term enhancements, and reduced the upper term to the middle term, for an

3

aggregate sentence of 20 years.  The trial court acknowledged its discretion to strike the prior strike offense, as well as the great bodily injury and prior serious felony enhancements.  But the trial court concluded it would be contrary to the interests of justice to reduce defendant's sentence beyond striking the prison priors and reducing the upper term sentence.  In reaching its decision, the trial court noted defendant's ongoing criminal conduct spanning decades, extending into his time in prison.

## II

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
HULL, Acting P. J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.